IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATT MARTORELLO, ) | |
| ) | |
| Movant, ) | |
| v. ) | Case No. 19-MC-5-JED-JFJ |
| ) | |
| JOHN WILLIAMS, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Movant Matt Martorello's ("Martorello") Motion to Transfer Subpoena-Related Motion to Issuing Court (ECF No. 3) ("Motion to Transfer"), which was referred to the Court by United States District Judge John Dowdell. Respondent John Williams ("Williams") opposes the motion. For reasons explained below, the Court grants the Motion to Transfer.[1]

**I.   Background**

On January 23, 2019, Martorello filed a Motion to Compel Compliance with Subpoena for Documents and Deposition from Williams (ECF No. 1) ("Motion to Compel"). The following day, Martorello filed the present Motion to Transfer, seeking an order transferring the Motion to Compel to the issuing court in the Eastern District of Virginia, pursuant to Federal Rule of Civil Procedure 45(f). On February 13, 2019, Williams filed a Motion to Quash (ECF No. 14), asking the Court to quash the subpoena that is the subject of the Motion to Compel. Because the Court

---

[1] Courts agree that a Rule 45(f) motion to transfer constitutes a "non-dispositive" matter for purposes of 28 U.S.C. § 636(b) that may properly be decided by a magistrate judge. *See, e.g., San Juan Cable LLC v. DISH Network LLC*, No. CV 14MC00261RMMJW, 2015 WL 500631, at *2 (D. Colo. Jan. 23, 2015).

grants the Motion to Transfer, the Court does not reach the merits of any issues presented in the Motion to Compel or Motion to Quash.[2]

The pending motions and the underlying subpoena arise out of the matter of *Williams, et al. v. Big Picture Loans, LLC, et al.*, No. 3:17-cv-00461-REP-RCY (E.D. Va. Filed June 22, 2017) ("*Big Picture*"), in which the plaintiffs allege that consumer-lending entities owned by the Lac Vieux Desert Band of Lake Superior Chippewa Indians (the "Tribe") conspired with Martorello to provide loans to the plaintiffs in violation of Virginia's usury laws. Both the lending entities and Martorello are named as defendants in *Big Picture*. At issue in *Big Picture* is whether the lending entities, now owned by the Tribe, used the cover of tribal sovereign immunity to avoid application of the usury laws. The presiding judge in *Big Picture*, Senior United States District Judge Robert E. Payne, has already ruled that sovereign immunity does not apply to the defendant entities. *See* ECF No. 124 in *Big Picture*. The defendant entities have appealed Judge Payne's ruling to the Fourth Circuit Court of Appeals. As a result, Judge Payne has stayed all proceedings as to the defendant entities but has allowed discovery and other matters pertaining to Martorello to proceed.

In this Court, Martorello moved to compel Williams, a local attorney, to produce documents and appear at a deposition pursuant to a subpoena dated January 9, 2019 ("Subpoena"). Martorello argues that Williams was directly involved in the sale transaction at issue in the underlying action, including the negotiation and drafting of the underlying transaction documents effectuating the sale of Martorello's company, Bellicose Capital, LLC ("Bellicose"), to the Tribe. ECF No. 3 at 4. In his response to the Motion to Compel and in the Motion to Quash, Williams argues: (1) the Subpoena, as well as previous subpoenas served on Williams' counsel in South

---

[2] Although the Motion to Transfer only expressly references the Motion to Compel, the Court's ruling on the Motion to Transfer applies to both the Motion to Compel and the Motion to Quash.

Dakota, are unenforceable because service was defective and he was given an unreasonable amount of time to respond; (2) he possesses no responsive documents; (3) the requested documents and testimony are protected by the attorney-client privilege; and (4) the requested documents and testimony are not proportional to the needs of the case.  ECF Nos. 13, 14.

More specifically, Williams first argues the Subpoena did not allow a reasonable time for compliance.  Further, Williams argues service was defective because his Oklahoma counsel agreed to accept service of the Subpoena on the condition that any objections were litigated in Oklahoma, which Martorello breached by filing the Motion to Transfer.  Second, Williams states he cannot produce documents because they remain with his former law firm, Connor & Winters, and he no longer has access to those documents.  *See* ECF No. 13 at 10.  Third, Williams contends his conversations with Martorello/Bellicose are protected by attorney-client privilege.  *See id.* at 3-4.  Because Bellicose has since been acquired by Tribal Economic Development Holdings, LLC ("TED"), which is owned by the Tribe, Williams contends that TED now holds the attorney-client privilege regarding all communications between Williams and Martorello/Bellicose.  *Id.* According to Williams, TED has instructed him to assert the privilege and refuse to produce communications between him and Martorello/Bellicose.  *Id.* Although Martorello contends that he seeks only "non-privileged" testimony and documents, Williams responds that Martorello's position on what he considers to be "non-privileged" is unclear.  ECF No. 13 at 12.  Finally, Williams argues Martorello represented that he already has all the evidence he needs for his defense in *Big Picture*, and it would be unduly burdensome for Williams to provide testimony or documents that Martorello does not intend to use in support of his defense.

## II. Discussion

### A. Rule 45(f)

Under Rule 45, a court for the district where subpoena compliance is required may quash or modify a subpoena upon timely motion. *See* Fed. R. Civ. P. 45(d)(3). Rule 45(f) authorizes transfer of a subpoena-related motion from the court where compliance is required to the issuing court "if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). The proponent of transfer bears the burden of showing that such "exceptional circumstances" are present. Fed. R. Civ. P. 45(f) advisory committee notes to 2013 amendment. Although Rule 45 does not define "exceptional circumstances," the Advisory Committee notes explain:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

*Id.* When faced with a transfer motion, courts must consider "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Miller Constr. Equip. Sales, Inc. v. Clark. Equip. Co.*, No. MC415-013, 2016 WL 447717, at *5 (S.D. Ga. Feb. 4, 2016) (quotation omitted). The consistency of outcomes and judicial economy are also paramount considerations in the transfer decision. *See In re Cassell*, No., 2:16-MC-00602-DB-EJF, 2016 WL 3645166, at *1 (D. Utah June 30, 2016) (noting that transfer would "provide consistency, fairness, and efficiency to all parties to this Motion and the underlying litigation"). If the motion is transferred, "judges are encouraged to permit telecommunications methods to minimize the burden a transfer imposes on

nonparties, if it is necessary for attorneys admitted in the court where the motion is made to appear in the court in which the action is pending." *Id.*

    **B.**    **Exceptional Circumstances**

Martorello has satisfied his burden to establish that exceptional circumstances outweigh Williams' interest in local resolution of the dispute and warrant transfer of the Subpoena-related motions to the issuing Virginia court. Specifically, Martorello has shown that (1) the substantive attorney-client privilege issues presented by the Motion to Compel are currently pending in *Big Picture*, and Judge Payne is better situated to decide those issues consistently; (2) numerous subpoena-related motions in *Big Picture* have already been transferred to the Eastern District of Virginia from other district courts across the county; and (3) *Big Picture* has already been heavily litigated and any rulings by this Court are likely to disrupt Judge Payne's management of that case.

First, the Eastern District of Virginia is better situated to decide the attorney-client privilege issues in the Subpoena-related motions, which weighs in favor of transfer. Importantly, the issue of the privilege attaching to communications between Williams and Martorello/Bellicose is currently pending before Judge Payne in *Big Picture*. The plaintiffs in *Big Picture* have moved to compel production of all documents withheld by Martorello on the basis of attorney-client privilege and the attorney work product doctrine. *See* ECF Nos. 340 & 341 in *Big Picture*. The plaintiffs in *Big Picture* also seek disclosure of all advice Martorello received from attorneys regarding certain matters pertaining to the litigation, including advice Williams gave regarding the tribal lending model and its alleged purpose to circumvent applicable state and federal laws. *See* ECF No. 341 at 18 in *Big Picture* (specifically mentioning legal advice Williams provided to Martorello). On January 15, 2019, Judge Payne conducted a lengthy motions hearing and discussed discovery issues similar to those presented here, stating: "[t]he whole thing also involves

5

a claim that lawyers were involved in the structuring of the operation for the purpose of allowing this charade to take place, and that raises the questions of privilege and whether there is a legitimate privilege that will exist or can exist." ECF No. 19-2 at 4 (transcript of motions hearing held on Jan. 15, 2019). Under these circumstances, the underlying privilege questions presented by the Motion to Compel are best decided by the issuing court.[3]

Second, numerous subpoena-related motions in *Big Picture* have already been transferred to the Virginia court from other courts across the country. *See Williams, et al. v. Big Picture Loans, LLC, et al.*, 17-MC-80166-SVK (N.D. Cal) (ECF No. 14 at 4) ("The Virginia court is also better situated to deciding the substance of Martorello's privilege and work product claims due to its familiarity with the issues and parties in the underlying case."); *McFadden v. Williams*, 1:18-MC-83 (W.D. Mich.); *Williams et al. v. Big Picture Loans LLC et al.*, 6:18-MC-303-DCC (D.S.C.); *Williams v. Big Picture Loans, LLC*, 3:19-MC-00001 (E.D. Va.) (ECF No. 22); *Rossette LLP v. Lula Williams, et al.*, MC-18-00066-PHXJJT (D. Ariz.) (ECF No. 13); *Galloway v. Martorello*, 8:19-MC-5-T-36AEP (M.D. Fla.) (ECF No. 25). At least one other motion to transfer a subpoena-related motion remains outstanding in the District of Colorado: *Weddle v. Williams et al.*, 1:18-

---

[3] The Motion to Compel may also require resolution of procedural arguments raised by Williams, including Williams' contention that his counsel agreed to accept service on the condition that any objections would be litigated in Oklahoma. The Court declines to reach this question prior to transfer for two reasons. First, the Court declines to address Williams' objections to the Subpoena on a piecemeal basis. The substantive issues presented by the Motion to Compel create the exceptional circumstances warranting transfer, and the Virginia court is best situated to decide all issues related to this Subpoena. Second, even if the parties agreed to litigate objections to the Subpoena in Oklahoma, the Court is not bound by such agreement and is authorized to transfer subpoena-related objections to the issuing court when exceptional circumstances exist. *See* Fed. R. Civ. P. 45(f); *Victim Servs., Inc. v. Consumer Fin. Prot. Bureau*, 298 F. Supp. 3d 26, 28 (D.D.C. 2018) ("Where exceptional circumstances exist, a court may transfer such a subpoena-related motion [under Rule 45(f)] *sua sponte*."); *Orix USA Corp. v. Armentrout*, No. 3:16-MC-63-N-BN, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016) ("Rule 45(f) does not require that a motion to transfer be filed, and the Court may *sua sponte* order transfer where appropriate.").

MC-225-RBJ-KLM (D. Colo.).  Although none of the decisions issued in *Big Picture* or the above subpoena-related cases have addressed the precise issue or facts Williams raises in this matter, the similarity of issues and risk of inconsistent rulings weigh heavily in favor of transfer.  *See Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-CV-708-RFB-NJK, 2014 WL 4079555, at *7 (D. Nev. Aug. 15, 2014) (finding transfer would prevent three different courts from deciding similar issues involving different non-parties); *FTC v. A+ Fin. Ctr., LLC,* No. 1:13-MC-50, 2013 WL 6388539, at *3 (S.D. Ohio Dec. 6, 2013) (finding exceptional circumstances warranted transfer of subpoena-related motions when transferring the matter is in "the interests of judicial economy and avoiding inconsistent results").

Third, the procedural posture of *Big Picture* militates in favor of transfer.  The parties in *Big Picture* have heavily litigated that case, as shown by the 463 docket entries to date.  *See In re Cassell*, 2016 WL 3645166, at *1 (transferring subpoena-related motion where parties had "heavily litigated the case, as evidenced by the 253 docket entries").  During a recent hearing, the Virginia court discussed privilege issues and management of discovery motions pending across the country.  Any discovery rulings by this Court are likely to disrupt the overall management of the case.  *See Wultz v. Bank of China, Ltd.*, 304 F.R.D. 38, 46 (D.D.C. 2014) (exceptional circumstances warranted transfer where judge in underlying litigation was "in a better position to rule" on subpoena-related motion "due to her familiarity with the full scope of issues involved as well as any implications the resolution of the motion will have on the underlying litigation").

Williams asserts that transfer is not warranted, because the substantive issues involved in the Motion to Compel are "simple."  ECF No. 15.  Williams claims it is "undisputed" that his discussions with Bellicose/Martorello are protected by the attorney-client privilege and that TED currently holds the right to assert, and does assert, the attorney-client privilege over such

7

communications. *Id.* at 7. However, the issues at stake in the plaintiffs' motion to compel production in *Big Picture* indicate that these matters are in fact disputed, and any rulings by this Court regarding attorney-client privilege would risk both inconsistency with related rulings by Judge Payne and disruption of the overall case management of *Big Picture*. *See In re Cassell*, 2016 WL 3645166, at *2 (finding issuing court was "in a superior position to address the nuanced privilege issues raised by th[e] Motion to Quash" where the parties had "already started addressing" the privilege issue with the issuing court); *The Dispatch Printing Co. v. Zuckerman*, 2016 WL 335753, at *3 (S.D. Fla. Jan. 28, 2016) (noting that, where motions seeking the "same type of information" and raising the same issues are pending in another court, "there is a demonstrable risk of inconsistent discovery rulings"); *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014) (noting that attempting to circumvent authority of presiding judge in underlying action is an exceptional circumstance under Rule 45(f)).

Williams also contends that he has a strong interest in local resolution of the dispute, which outweighs any other considerations. The Court agrees that transfer to the Virginia court would place some burden on Williams and his attorney, both of whom are Oklahoma attorneys with offices only in Oklahoma. However, even considering the strong presumption in favor of resolving disputes in the home forum of a non-party witness, the Court finds that Williams' interest in avoiding appearance in Virginia is outweighed by the concerns outlined above. Further, the Advisory Committee notes to Rule 45(f) encourage telephonic conferences to minimize the burden of transfer on nonparties when needed. Fed. R. Civ. P. 45(f) advisory committee notes to 2013 amendment. The burden imposed on Williams by transfer to the Virginia court is "outweighed by the importance of consistent management of the underlying litigation and judicial economy." *Moon Mountain Farms*, 301 F.R.D. at 430.

### III.     Conclusion

Martorello's Motion to Transfer (ECF No. 3) is **GRANTED**. The Clerk is directed to (1) transfer this case to the Eastern District of Virginia for consideration of Martorello's Motion to Compel and Williams' Motion to Quash (ECF Nos. 1 & 14); (2) terminate the pending motions to compel and to quash; and (3) close this miscellaneous case.

The Court **STAYS** this Order for fourteen (14) days to allow Williams the opportunity to object to this Opinion and Order pursuant to Rule 72(a), if desired.

**SO ORDERED** this 15th day of April, 2019.

*[signature]*
**JODI F. JAYNE, MAGISTRATE JUDGE**
**UNITED STATES DISTRICT COURT**